# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                              Case No. 16-CR-22

**EDMUND PARKER,**
**OLEVIA SPILLER, and**
**JOSHLYN OWENS,**

    **Defendants.**

## ORDER ON EVIDENTIARY HEARING ON MOTION TO SUPPRESS

        Defendants Edmund Parker, Olevia Spiller, and Joshlyn Owens are charged in a three-count indictment with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. (Docket # 16.) The defendants have each filed a motion to suppress (they are identical motions) alleging that law enforcement entered and searched their hotel room without a warrant and also seized and searched their vehicle, which was parked in the hotel's parking lot. (Docket # 30, 33, and 37.) They seeks to suppress all evidence directly and derivatively recovered as part of the searches of their hotel room and the vehicle.

        The government responded to the motion and argued that several exceptions to the warrant requirement are applicable. Specifically, the government argues that there was consent, that exigent circumstances existed, and that a dog sniff justified the search of the vehicle. In support of its position, the government submitted police reports concerning the incident underlying the charges.

        The defendants replied that even if the exceptions are applicable, the government's submission

does not justify the initial entry and therefore, because the initial entry was illegal, everything thereafter was also illegal.

Having considered the parties' submissions and the police reports, I find that the issues raised cannot be decided without an evidentiary hearing. Accordingly, I am ordering an evidentiary hearing to address the following disputed issues summarized from the parties' pleadings:

(1) Whether the police had authority under the Fourth Amendment or exceptions to the Fourth Amendment for the initial entry into the hotel room;

(2) If the initial entry was not authorized, whether it tainted the consent to search the hotel room and the later search of the car that followed;

(3) Whether there was authority to search the hotel room and the car independent of the initial entry; and

(4) Whether exigent circumstances justified the entry.

**IT IS HEREBY ORDERED** that the Clerk of Court is to contact the parties to schedule an evidentiary hearing on the defendants' motion to suppress for a date as soon as possible.

**IT IS FURTHER ORDERED** that the parties shall confer and submit a joint statement on the expected number of witnesses, the expected amount of court time the hearing is likely to take, and any stipulations of facts. The joint statement shall be filed two days prior to the evidentiary hearing. Finally, the parties shall have all exhibits marked prior to the hearing.

Dated at Milwaukee, Wisconsin this 6th day of April, 2016.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge